WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rose Ann Karam, | No. CV-18-00454-TUC-JGZ (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Health and Human Services, | |
| Defendant. | |

Pending before the Court is Magistrate Judge D. Thomas Ferraro's Report and Recommendation that the Court grant Defendant's Motion for Summary Judgment. (Doc. 41.) Plaintiff Rose Ann Karam did not file an opposition to Defendant's Motion for Summary Judgement within the deadline, nor did she request an extension of time to file a response. Plaintiff has now filed an "Opposition/Objection to Defense Motion for Summary Judgment" (Doc. 43), which the Court construes as an objection to the Report and Recommendation. Defendant has filed a Response in Opposition to Plaintiff's Objection to Report and Recommendation. (Doc. 44.) After considering the Report and Recommendation, the arguments raised in Plaintiff's Objection and Defendant's Response, the Court will overrule the objection and adopt Magistrate Judge Ferraro's Report and Recommendation.

**STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district

judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to de novo review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider them is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

**DISCUSSION**

Plaintiff, acting *pro se*, filed the instant action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. (Doc. 1.) Plaintiff alleges that Defendant Department of Health and Human Services wrongfully withheld records that she requested in February 2018 under FOIA and that Defendants failed to respond to her request within the 20-day deadline.[1] Plaintiff seeks a Court order directing Defendant to provide her with all the requested records. During the course of this action, Defendant identified 263 pages as responsive to Plaintiff's request. (*See* Doc. 39 at p. 4.) Defendant subsequently released 213 pages to Plaintiff in full. (*Id.*) Citing various FOIA exemptions, Defendant withheld 12 pages in full and released 38 pages with redactions. (*Id.*)

As thoroughly explained by Magistrate Judge Ferraro, Defendant is entitled to judgment as a matter of law because there are no material issues of fact with respect to Plaintiff's claim against Defendant. *See Henry v. Gill Indus., Inc.,* 983 F.2d 943, 950 (9th Cir. 1993) (A movant "is entitled to summary judgment only upon a showing that there are no genuine issues of material fact requiring a trial."). Here, Magistrate Judge Ferraro applied the appropriate standard. (*See* Doc. 41 at 4 (stating that even in light of Plaintiff's failure to respond, the court would "address the merits of Defendant's Motion recognizing

---

[1] FOIA requires a response within 20 days of a request. 5 U.S.C. § 552(a)(6)(A)(i); *see also Hart v. U.S. Dep't of Health & Human Servs.*, 676 F. Supp. 2d 846, 848 (D. Ariz. 2009).

that the Motion may only be granted if there is no genuine issue as to any material fact.").) Judge Ferraro also carefully considered Defendant's motion and supporting evidence to determine that there are no genuine issues of material fact requiring a trial.

Plaintiff's Objection alleges no specific error in the Report and Recommendation. Instead, Plaintiff argues that summary judgment should not be granted due to Defendant's "bad faith" and delay. Plaintiff contends that one of the declarations Defendant submitted in support of its motion for summary judgment contains perjured testimony about a date when Defendant allegedly "ordered" documents. (Doc. 43 at pp. 3-4). Plaintiff did not present these arguments at any time in these proceedings prior to filing her Objection. For the following reasons, the Court declines to consider Plaintiff's arguments. *See Brown*, 279 F.3d at 744 (the court has discretion but is not required to consider evidence or arguments presented for the first time in a party's objection to a magistrate judge's recommendation); *Howell,* 231 F.3d at 621-22 (same).

First, Plaintiff provides no factual or legal basis to overrule the Report and Recommendation. Magistrate Judge Ferraro determined that Defendant was entitled to summary judgment based on the showing that Defendant "performed a reasonable search in response to Plaintiff's request and that there is a logical conclusion between the withheld information and FOIA exemptions relied upon by Defendant." (Doc. 41, pp. 7-8.) The record supports this conclusion. Defendant may show it has met its FOIA obligations by submitting reasonably detailed, non-conclusory declarations demonstrating that it has performed a reasonable search and, if it has withheld information, that there is a logical connection between that information and an exemption. *See Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 986 (9th Cir. 2009); *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). Once the agency establishes through sworn affidavits or declarations that the search is adequate, the plaintiff is "obligated to controvert that showing." *Marks v. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978). Plaintiff carries a similar burden with regard to Defendant's claimed exemptions. *See Civil Beat Law Ctr. for the Public Interest v. Centers for Disease Control & Prevention*, 929 F.3d 1079, 1091 (9th Cir. 2019); *Lane,* 523

F.3d at 1137. Here, Defendant submitted detailed, non-conclusory declarations describing the scope of the search and the basis for the claimed exemptions. Plaintiff does not provide any evidence to undermine Defendant's statements and supporting evidence concerning the scope of the search or Defendant's reliance on the stated exemptions.

Plaintiff's allegation of perjury in one of Defendant's supporting declarations is baseless. Plaintiff appears to take issue with the declarant's statement that on November 8, 2018, documents were transferred for review and disclosure in response to Plaintiff's FOIA request. (Doc. 43, pp. 3-4; *see also* Doc. 40, p. 8, ¶ 8.) She alleges perjury, contending that Defendant's Answer to the Complaint, which raised several affirmative defenses, "on 12/12/2018, was a complete refusal to provide any documentation." (Doc. 43, pp. 3-4; *see also id.* at p. 2 (Plaintiff stating that Defendant's answer raised defenses of failure to state a claim, lack of subject matter jurisdiction, and sought dismissal with prejudice).) Defendant's claim of various affirmative defenses in its Answer does not call the affidavit statement, or the Report and Recommendation's conclusion, into question.

Likewise, Plaintiff's allegation of Defendant's delay in processing her request does not undermine Magistrate Judge Ferraro's determination. Plaintiff asserts that "it took approximately 266 working days in addition to initiating litigation to get any disclosures." (*Id.* at p. 3.) The fact, alone, that the agency violated FOIA deadlines is not dispositive. Instead, Plaintiff must establish that the agency has a "pattern or practice" of violating FOIA's mandate. *See Hart,* 676 F. Supp. 2d at 848. "When a plaintiff has shown that an agency has a 'pattern or practice' of violating FOIA's mandate, courts retain the equitable discretion to enjoin an agency from further violations." *Evans v. United States Dep't of Interior*, 135 F.Supp.3d 799, 833 (N.D. Ind. 2015) (citing *Payne Ents., Inc. v. United States,* 837 F.2d 486, 491 (D.C. Cir. 1988)). Here, Plaintiff does not present sufficient evidence of a pattern of delayed responses. Plaintiff has not shown that requesters other than herself have experienced delays, pointed to a formal policy adopted by Defendant that violates the terms of the statute, or shown any other evidence that Defendant's treatment of her request was sufficiently uniform to be considered an unlawful policy or practice.

*See Evans,* 135 F.Supp.3d at 833 (granting agency's motion for summary judgment where plaintiff failed to make such a showing); *see also O'Neill v. United States Dep't of Justice,* No 05-C-0306, 2008 WL 819013, *12 (E.D. Wis. March, 25, 2008) (same).

**CONCLUSION**

For the foregoing reasons, the Court finds that the Report and Recommendation appropriately resolved Defendant's Motion for Summary Judgment.

Accordingly, IT IS ORDERED:

1. Magistrate Judge Ferraro's Report and Recommendation (Doc. 41) is ADOPTED.

2. Plaintiff's Objection to the Report and Recommendation (Doc. 43) is OVERRULED.

3. Defendant's Motion for Summary Judgment (Doc. 39) is GRANTED.

4. The Clerk of the Court shall enter judgment and close the file in this matter.

Dated this 2nd day of March, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge